UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | |
|---|---|
| TALIB ZAYID, | |
| | CASE NO. 1:13-CV-54 |
| Plaintiff, | |
| v. | OPINION & ORDER |
| | [Resolving Doc. No. 1] |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 9, 2013, Plaintiff Zayid filed a complaint seeking judicial review of Defendant Commissioner of Social Security's decision to deny him disability insurance benefits and supplemental security income.[1] Under Local Rule 72.2, the Court referred the petition to Magistrate Judge Kenneth S. McHargh for a Report and Recommendation. On November 19, 2013, Magistrate Judge McHargh issued a report recommending this Court affirm the Commissioner's decision.[2] The Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's complaint.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[3]

---

[1] Doc. 1.

[2] Doc. 15.

[3] 28 U.S.C. § 636(b)(1).

-1-

Case No. 1:13-CV-54
Gwin, J.

Parties must file any objections to a Report and Recommendation within fourteen days of service.[4] Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation.[5] Absent objection, a district court may adopt the Magistrate Judge's report without review.[6]

In this case, neither party objected to the Magistrate Judge's recommendation. Accordingly, the Court **ADOPTS** in whole Magistrate Judge McHargh's Report and Recommendation and incorporates it fully herein by reference. The Court **DISMISSES** Plaintiff's complaint.

IT IS SO ORDERED.


Dated: February 7, 2014           s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[4] Fed. R. Civ. P. 72(a).

[5] *Id.*; *see* Thomas v. Arn, 474 U.S. 140, 145 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

[6] *Thomas*, 474 U.S. at 149.